IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

Re:   Barry K. Kellerman and Dana M. Kellerman          Case No. 09-13935
      Debtors                                           (Chapter 11)

**PLAN OF REORGANIZATION**

NOTE: IF YOU HAVE NOT ALREADY READ THE DISCLOSURE STATEMENT SUBMITTED BY THE DEBTOR IN THE ABOVE CASE, YOU SHOULD DO SO BEFORE READING THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS IMPORTANT INFORMATION WHICH WILL HELP YOU IN YOUR DECISION WHEN VOTING ON THE FOLLOWING PLAN OF REORGANIZATION.

**I.
DEFINITIONS**

For purposes of this Plan of Reorganization, these words and phrases shall have the following meanings:

(1)   "Debtors" will mean Barry K. Kellerman and Dana M. Kellerman, the Debtors in this Chapter 11 case;

(2)   "Court" will mean the United States Bankruptcy Court, Eastern District of Arkansas, Little Rock Division, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

(3)   "Bankruptcy Code" or "Code" will mean the Bankruptcy Reform Act of 1978, Title 11 U.S.C. Section 101 et seq., and amendments thereto.

(4)   "Chapter 11" will mean Chapter 11 of the Bankruptcy Code.

(5)   "Claim" will mean a right to payment held by any creditor, governmental agency, or administrative expense in this reorganization; as set forth in the Debtors' petition and schedules of debts filed with the Clerk of the Bankruptcy Court or which may arise in the course of these bankruptcy proceedings and prior to confirmation of the Debtors' plan.

(6)   "Plan" will mean this Plan of Reorganization as it now appears and as it may be amended or supplemented from time to time.

(7) "Creditor" will mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims or any character whatsoever, as defined in §101(10) of the Bankruptcy Code.

(8) "Effective Date" will mean the first day of the first calendar month after following the date on which any order confirming the plan becomes final and non-appealable.

(9) "Bar Date" will mean that date established by the Court as the last date for filing claims in this case, which will be included in a notice to all creditors.

(10) "Property" will mean all property of the Debtors' estate as this term is defined in §541 of the Bankruptcy Code

(11) "Final Order" will mean an order of the Court that has not been reversed, modified, amended or stayed and as to which the time for appear or to seek review has expired, and as to which no appeal, review or rehearing is pending.

## II.
## CLASSIFICATION AND TREATMENT OF CLAIMS

### CLASS 1. PRIORITY ADMINISTRATIVE CLAIMS

These are claims entitled to priority under §507(a) of the Code, which are: costs and expenses of administration, current tax liabilities incurred during the life of the plan, and certain fees of professionals.

Out of net business profits and earnings the Debtors will keep all current and on-going tax liabilities paid current and on time.

Fees for professionals shall be paid in the ordinary course of business as approved by the Court or within 30 days of the effective date of the plan or as otherwise agreed by the Debtors and their professionals. All fees owed the Debtors' current attorney and accountant if any shall be approved by order of the Bankruptcy Court after written application and notice thereof. Any approved fees in this regard will be treated as a priority and paid out of future income.

The Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. 1930(a)(b) during the term of the Plan.

## CLASS 2 PRIORITY TAX CLAIMS

This class will consists of holder of such claim as are defined in § 507(a)(8) which generally includes any and all taxes which accrued pre-petition. Taxes shall be paid by the Debtors in deferred cash payments over a period not exceeding 5 years after the filing of this Chapter 11 case. Claims will be paid in level installments of principal and interest over the 60 months less months from filing at confirmation. Such claims shall accrue interest as provided below or such rate as determined by the Bankruptcy Court at the confirmation hearing. Each tax claim is a separate class.

(A) CLAIM OF THE INTERNAL REVENUE SERVICE.

The Internal Revenue Service priority claim for income taxes will be paid in monthly installments beginning on the effective date of the Plan. For unsecured treatment see Class 4. Until the final amount of this claim is determined, the Debtors will pay $198.17 monthly. Four percent (4%) simple interest will be paid or such other rate as the Court my order. The monthly amount will be adjusted when the claim amounts are fully determined but in no case later than one year following the effective date. The adjusted payment amount shall be sufficient to retire the taxes due in 60 months following filing of this Chapter 11 case. The Internal Revenue Service has the following claims:

|   | Amount |
|---|---|
| Priority Claim | $8,776.73 |

(B) CLAIM OF THE STATE OF ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION.

The State of Arkansas Department of Finance and Administration priority claim for income taxes will be paid in equal monthly installments beginning on the effective date of the Plan. For unsecured treatment see Class 4. Until the final amount of this claim is determined, the Debtors will pay $119.17 monthly. Ten percent (10%) simple interest will be paid. The monthly amount will be adjusted when the claim amounts are fully determined but in no case later than one year following the effective date. The adjusted payment amount shall be sufficient to retire the taxes due in 60 months

following the filing of this Chapter 11 case. The Department of Finance and Administration has the following claims:

|  | Amount |
|---|---|
| Priority Claim | $ 119.17 |

### (C) CLAIM OF PULASKI COUNTY TREASURER.

The Pulaski County Treasurer priority claim for property taxes will be paid in equal monthly installments beginning on the effective date of the Plan. For unsecured treatment see Class 4. Until the final amount of this claim is determined, the Debtors will pay $265.16 monthly. Four percent (4%) simple interest will be paid. The monthly amount will be adjusted when the claim amounts are fully determined but in no case later than one year following the effective date. The adjusted payment amount shall be sufficient to retire the taxes due in 60 months following the filing of this Chapter 11 case. The Pulaski County Treasurer has the following claims:

|  | Amount |
|---|---|
| Priority Claim | $11,743.71 |

### CLASS 3 SECURED CLAIMS

If a claim is secured by a valid lien then the lien shall be retained unaltered. If a property secured by a lien is sold the lien shall be paid from the proceeds of the sale to the extent funds are available. Each secured claim is a separate class.

### A. CLAIM OF GMAC.

The secured claim of GMAC is secured by a lien on a 2007 Chevrolet Suburban. This claim will be paid in the amount of $24,288.61 with interest at seven and a half percent (7.5%) per annum in monthly installments of $455.58. This claim is pursuant to Order providing adequate protection entered December 17, 2009.

The Debtors reserve the right to renegotiate the terms of this obligation or refinance with another lender at any time. This class is impaired.

B. **CLAIM OF BANK OF THE OZARKS**.

The secured claim of Bank of the Ozarks is secured by a lien on a 2007 Saturn Sky. This claim will be paid in the amount of $7,369.00 with interest at eight and a half percent (8.5%) per annum in monthly installments of $916.18. This claim is paid pursuant to Order providing adequate protection entered September 18, 2009. Approximately 2 payments remain on this claim.

The Debtors reserve the right to renegotiate the terms of this obligation or refinance with another lender at any time. This class is impaired.

C. **CLAIM OF BAC HOME LOAN SERVICING, L.P.**

The secured claim of BAC Home Loan Servicing, L.P. is secured by a first mortgage on a residence and property located at 24 Masters Place Cove, Maumelle, Arkansas. The Debtors are presently negotiating a modification of this claim. The claim will be paid as modified and if not modified, the Debtor will pay this claim in the approximate amount of $388,219.74 with interest at the rate of 4.88% over thirty (30) years. The approximate monthly installment is $2,055.67. The claim amount to be paid shall be determined as of the Plan effective date by combining the claim at filing with any post-petition arrears. This class is impaired.

D. **CLAIM OF BANK OF AMERICA, N.A.**

The secured claim of Bank of America, N.A. is secured by a second mortgage on a residence and property located at 24 Masters Place Cove, Maumelle, Arkansas. The Debtors are presently negotiating a modification of this claim. The claim will be paid as modified and if not modified, the Debtor will pay this claim in the approximate amount of $142,935.76 with interest at the rate of 4.88% over thirty (30) years. The approximate monthly installment is $756.86. The claim amount to be paid shall be determined as of the Plan effective date by combining the claim at filing with any post-petition arrears. This class is impaired.

E. **CLAIM OF BANK OF LITTLE ROCK**.

The secured claim of Bank of Little Rock is secured by two mortgages on a residence and property located at #1 Birdie Loop, Maumelle, Arkansas. The property has been surrendered for liquidation by the claim holder. Any balance remaining after liquidation will be an unsecured claim. An Order has been entered by the Court to allow liquidation. This class is impaired.

F. **CLAIM OF INFINITY FINANCIAL SERVICES**.

The secured claim of Infinity Financial Services is secured by a 2005 Infiniti G35. The property has been surrendered for liquidation by the claim holder. Any balance remaining after liquidation will be an unsecured claim. An Order has been entered by the Court to allow liquidation. This class is impaired.

G. **CLAIMS OF SABR MORTGAGE (FORMERLY HOME EQ SERVICING)**.

The secured claim of SABR Mortgage is secured by a first mortgage on 115 Ledgerwood, Hot Springs, Arkansas. The stay has been relaxed as to this claim and the foreclosure is complete. The Debtor has personal property located at this location which will be removed. The Debtors' remaining obligation has been forgiven. This class is not impaired.

H. **CLAIM OF AMERICAN HONDA FINANCE CORP.**

The secured claim of American Honda Finance Corp. is secured by a 2007 Honda Accord. The property will be surrendered for liquidation by the claim holder. Any balance remaining after liquidation will be an unsecured claim. An Order has been entered by the Court to allow liquidation. This class is impaired.

I. **CLAIM OF SIMMONS FIRST NATIONAL BANK**.

The secured claim of Simmons First National Bank is secured by a Moped Scooter. This claim has been paid.

## CLASS 4 UNSECURED CLAIMS

(A) The Debtors' unsecured non-priority claims will share pro rata in a dividend of not less than $60,000.00 payable $12,000 each in five (5) annual installments beginning one year from the effective date of the Plan.

In addition, unsecured non-priority claims will share pro rata in any excess disposable income the Debtors received over the amount proposed above and the net proceeds of any of the Debtors' pre-petition claims that are successfully litigated and the net proceeds of the Debtors' land development, Panther Mountain Land Development, LLC.

## CLASS 5 DOMESTIC SUPPORT OBLIGATIONS

The Debtors have no domestic support obligations.

## CLASS 6 CONTINGENT, DISPUTED AND UNCLASSIFIED CLAIMS

These claims shall receive no payment until such claims or parts thereof are allowed. At that time the claim will be paid as appropriate in accord with its classification. This class is impaired. This class includes the claim of BOSC, Inc. and the claim of National Bank of Arkansas.

## CLASS 7 DEBTORS' INTEREST

The Debtors propose to retain their interest in their property.

## IV.
## RETENTION OF JURISDICTION AND GENERAL PROVISIONS

The Debtors reserve the right to prepay all or part of any claim at any time without penalty.

The Debtors reserve the right to waive the finality of any order confirming the Plan and proceed to perform hereunder.

Until the effective date and until the case is closed, the Court shall retain jurisdiction of the proceedings for the purposes set forth in §1127(b) of the code and to:

  (a)  Determine the allowance or disallowance of claims and interests and to enforce all causes of action which may exist on behalf of the Debtors.

  (b)  Fix allowances of compensation and other administrative expenses; and

  (c)  Ensure that the purpose and intent of this plan are carried out, and for such other matters as may be proper.

In no event shall the retention of jurisdiction by the Court be less than that specified in §105 of the Bankruptcy Code.

This plan may be modified in accordance with the provisions of the Code and applicable rules.

## V.
## BINDING EFFECT OF THE PLAN

Upon the order of confirmation of this plan being entered by the Bankruptcy Court, this plan and all its provisions herein shall become binding on all creditors of the Debtors and the Debtors' estate.

## VI.
## TERM OF THE PLAN

This Plan shall be in effect and subject to the jurisdiction of the Bankruptcy Court, for as long as it takes to pay priority tax claims, administrative claims, and unsecured claims as provided for in the Debtors' Plan. The last payment provided for by the Plan is due five (5) years following the effective date of the Plan.

## VII.
## MISCELLANEOUS PROVISIONS

All pre-petition fees owing to the United States Trustee pursuant to 28 U.S.C. §1938(a)(6) shall be paid on or before confirmation of the plan. Post confirmation fees will be paid when due.

Insurance contracts are assumed. All other contracts are treated as set out in the plan if not specifically treated are rejected.

The Debtors shall retain all rights under § 636(h), 502, 542, 544, 545, 546, 547, 548 and 549 of the Bankruptcy Code, and any and all other rights that a trustee or Debtors would have under the Bankruptcy Code in the objection to claims, collection of claims, or any other part of the administration of a Chapter 11 case.

ALL CLASSES OF CLAIMS IN THIS PLAN ENTITLED TO VOTE ARE DEEMED TO BE IN ONE WAY OR ANOTHER IMPAIRED. YOU SHOULD TAKE THIS INTO CONSIDERATION IN STUDYING THE PLAN AND THE DISCLOSURE STATEMENT.

## VIII.
## DEFAULT

Default by the Debtors. Should the Debtors fail to take any action as required under the Plan, any party directly affected thereby shall give the Debtosr written notification of such default. If they do not cure such default within the ten-day period, the party directly affected thereby may apply for, and the Bankruptcy Court may grant, such relief as may be appropriate. Default under any document executed constitutes a default under such document and shall only give rise to the remedies available pursuant to such document under applicable non-bankruptcy law.

## IX.
## VESTING OF PROPERTY

Vesting. Title to the Property, real or personal, of the Debtors' estate, shall vest in the Debtors on the Effective Date of the Plan. Title to such property shall vest in the Debtors free and clear of all liens, of any kind, claims and encumbrances, except as otherwise provided in the Plan.

Post-Effective Date Operations. Nothing within the Plan shall be construed as limiting the post-Effective Date operations of the Debtors.

## X.
## INJUNCTION FROM ENFORCEMENT OF PRERESTRUCTURED DEBT

The Order confirming the Plan shall contain an injunction of the Bankruptcy Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtors, or any of its property or

9

properties, any obligation or debt except pursuant to the terms of the Plan. The Debtors shall not receive a discharge until completion of payments provided for in the Plan.

## XI.
## PROVISIONS FOR THE RESOLUTION OF DISPUTED CLAIMS AND OBJECTIONS TO PROOFS OF CLAIM

The Reorganized Debtors have the right and responsibility to object to and to contest the allowance of any Claims filed with the Court.

Objections to Claims must be filed with the Court and served upon the Claimant prior to the later of expiration of ninety (90) days from the Effective Date or ninety (90) days following the Claims Bar Date, otherwise such Claim shall be deemed allowed in accordance with Section 502 of the Bankruptcy Code, unless an extension of such time period is sought by the Reorganized Debtors. A bar date for claims has not been established as of the filing of this Plan.

Prior to the expiration of twenty (20) days from receipt of an objection, the Claimant whose Claim has been objected to in accordance with the immediately preceding paragraph, must file with the Court and serve upon the objecting party a response to such claim objection. Failure to file such a response within the twenty (20) day time period shall cause the Court to enter a default judgment against the non-responding Claimant and thereby grant the relief requested in the Claim objection.

## XII.
## MODIFICATION OF THE PLAN

The Debtors may propose amendments or modifications to the Plan in accordance with Section 1127 of the Bankruptcy Code at any time prior to the hearing on confirmation of the Plan. After the confirmation hearing, the Debtor may, with Court approval, and so long as it does not materially or adversely affect the rights, as set forth in the Plan, of Creditors and other parties in interest, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

## XIII.
## GENERAL PROVISIONS

All Classes are impaired under this Plan unless specifically stated otherwise.

The headings in the Plan are for the convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

If any Class of Claimants or Interests fails to accept the Plan by the requisite majorities in number and amount required by Section 1126 of the Bankruptcy Code, the provisions of Section 1129(b) of the Bankruptcy Code may be invoked at the request of the Debtors at the Confirmation Hearing, and such request may be made orally.

The order confirming the Plan shall contain such injunctions and other orders as may be necessary to implement the Plan.

## XIV.
## CLOSING THE CASE

Upon substantial consummation of the Plan the Reorganized Debtors may move for a final decree, closing the case and requesting such other orders as may be just.

DATED this 15th day of April, 2010, at Little Rock, Arkansas.

/s/ Barry K. Kellerman
Barry K. Kellerman, Debtor


/s/ Dana M. Kellerman
Dana M. Kellerman, Debtor


/s/ Basil V. Hicks, Jr.
Basil V. Hicks, Jr.
*Attorney for the Debtors*
PO Box 5670
North Little Rock, AR  72119
501/301-7700