IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

Re:  Barry K. Kellerman and Dana M. Kellerman          Case No. 09-13935
     Debtors                                            (Chapter 11)

## DISCLOSURE STATEMENT SUBMITTED BY DEBTOR IN POSSESSION IN CONNECTION WITH PLAN OF REORGANIZATION

### I.    INTRODUCTION

A.  *General*.  Barry K. Kellerman and Dana M. Kellerman (hereinafter referred to as "Debtors") submit this Disclosure Statement to their creditors pursuant to 11 U.S.C. 1125 and 11 U.S.C. 101 *et seq*. (hereinafter referred to as the "Code").  The purpose of this Disclosure Statement is to provide the creditors of the Debtors with such information as the United States Bankruptcy Court has deemed material, important and necessary for the creditors of the Debtors to make a reasonably informed decision in exercising their right to vote on the Plan of Reorganization submitted by the Debtors (hereinafter sometimes referred to as the "Plan").  The Debtors seek approval of this disclosure statement, but such approval is not tantamount to approval of the plan.

A copy of the Plan accompanies this Disclosure Statement and was filed with the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division on April 15, 2010.  The definitions in Article I of the Plan are incorporated herein by reference and should be referred to in reading and analyzing the Plan and this Disclosure Statement.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY AS TO THE FUTURE BUSINESS OPERATIONS, THE VALUE OF ASSETS OF THE DEBTOR, THE AMOUNT OF THE DEBTOR'S LIABILITIES, OR THE DEBTORS' NET WORTH, IF ANY, ARE AUTHORIZED OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT.  ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER

THAN AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION AND SUCH REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

The financial information contained in this Disclosure Statement, the Schedules and Statements of Affairs filed by the Debtors in this proceeding and the operating reports filed with the Bankruptcy Court since the filing of the Petition for Relief on June 3, 2009, have not been subject to a certified audit.  FOR THIS REASON, DEBTORS ARE UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS WITHOUT INACCURACIES, ALTHOUGH AN EFFORT HAS BEEN MADE TO PRESENT THE INFORMATION FAIRLY AND ACCURATELY.

THE INFORMATION, REPRESENTATIONS AND PROPOSALS SET FORTH IN THIS DISCLOSURE STATEMENT AND IN THE ACCOMPANYING PLAN OF REORGANIZATION INVOLVE HIGHLY TECHNICAL AND COMPLEX ISSUES, AND CONSTITUTE A PROPOSAL FOR A LEGALLY BINDING AGREEMENT BETWEEN THE DEBTORS AND THEIR CREDITORS.  IN EVALUATING THIS PROPOSAL, ALL CREDITORS ARE STRONGLY ENCOURAGED AND ADVISED TO SEEK THE COUNSEL OF THEIR ATTORNEY.

B. <u>Filing of Reorganization Proceeding</u>.  On June 3, 2009, the Debtors filed for relief pursuant to Chapter 11, Title 11, United States Code.  Automatically upon the filing, the Debtors became Debtors-in-Possession, and since that time has operated in such capacity.  The case has been assigned to the Honorable Audrey R. Evans, United States Bankruptcy Judge.

C. <u>Manner of Voting</u>.  All creditors entitled to vote on the Plan may cast their votes for or against the Plan by completing, dating, signing and causing the ballot form which will be provided by subsequent mailing to be returned to counsel for the Debtors on or prior to the date fixed by the Bankruptcy Court in its order scheduling a hearing on confirmation of the Plan.

D. <u>Bar Date</u>. As of the date of filing of this Disclosure Statement, Debtors had not obtained an Order setting a deadline for filing of claims. The Debtors will request the Court enter an Order setting a Bar Date for the filing of Proofs of Claims. Claimants will not be required to file a Proof of Claim unless such claims were scheduled by the Debtors as disputed, contingent, unliquidated, or are objected to by the Debtors or in the event such claimants disagree with the amount of the claim scheduled by the Debtors in the schedules filed with the Court. Notice of any such Bar Date shall be given by the Debtors to all creditors and parties in interest at a later date.

E. <u>Confirmation of the Plan</u>.

1. <u>Solicitation of Votes</u>. This Disclosure Statement is intended to assist creditors in evaluating the Plan and in determining whether to accept the Plan. UNDER THE BANKRUPTCY CODE, YOUR VOTE FOR ACCEPTANCE OR REJECTION MAY NOT BE SOLICITED UNLESS YOU RECEIVE A COPY OF THIS DISCLOSURE STATEMENT PRIOR TO OR CONCURRENTLY WITH SUCH SOLICITATION. THE SOLICITATION OF VOTES ON THE PLAN IS GOVERNED BY THE PROVISIONS OF 11 U.S.C. 1125(b), THE VIOLATION OF WHICH MAY RESULT IN SANCTIONS BY THE COURT, INCLUDING DISALLOWANCE OF THE SOLICITED VOTE AND LOSS OF THE "SAFE HARBOR" PROVISIONS OF 11 U.S.C. 1125(e).

2. <u>Persons Entitled to Vote on the Plan</u>. Only the votes of creditors in the Classes that are impaired by the Plan will be computed to determine if the Plan is accepted by creditors.

3. <u>Hearing on Confirmation of the Plan</u>. The Court will schedule a hearing to determine if the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied. Each creditor will receive, either with this Disclosure Statement or separately, the Court's Order setting hearing on confirmation of the Plan, which Order will also establish a deadline for filing objections to confirmation and a deadline for casting ballots accepting or rejecting the Plan.

4. <u>Acceptance Necessary to Confirm Plan</u>. At the confirmation hearing, the Court will determine, among other things, whether the Plan has been

3

accepted by each impaired Class. A class or claim is impaired if it is not being paid in full in accord with its original terms. Pursuant to 11 U.S.C. 1126, an impaired Class is considered to have accepted the Plan if at least two-thirds in amount and more than one-half in number of the allowed claim of the Class members voting to accept or reject the Plan have voted for acceptance. In making its determination, the Bankruptcy Court will not count votes of those entities excluded pursuant to 11 U.S.C. 1126(e). Regardless of whether a creditor votes for the Plan, all creditors in a Class will be bound by the terms and conditions set forth in the Plan for that Class, if the Plan is accepted by the Class.

        5.    <u>Confirmation of Plan Without Necessary Acceptances</u>. Pursuant to 11 U.S.C. 1129(b), the Plan may be confirmed provided that the Plan has been accepted by at least one of the impaired Classes and if the Court finds that the Plan does not discriminate unfairly and is fair and equitable to such Class or Classes. Debtors will rely upon this provision to seek confirmation of the respective Plans if they are not accepted by all impaired Classes.

        IT IS IMPORTANT THAT YOU EXERCISE YOUR RIGHT TO VOTE FOR ACCEPTANCE OR REJECTION OF THE PLAN.

## II.    SUMMARY OF DEBTOR'S HISTORY AND FINANCIAL CONDITION PRIOR TO AND AT FILING OF BANKRUPTCY

    A.    <u>Background on the Debtors</u>. The Debtors reside in Maumelle, Arkansas. The Debtor, Barry K. Kellerman is 57 years old and is in good health. Mr. Kellerman is a Managing Director with All American Investment Group, LLC, specializing in origination and structuring of both tax-exempt and taxable transactions involving political subdivisions, Non-profit 501(C)(3) organizations, corporate and Federal customers. Mr. Kellerman's career in Public Finance started in 1983 with the regional investment firm, Park Ryan, where he specialized in Municipal, State and Local government private placement. Previously, Mr. Kellerman was the top income producer for 2 out of 3 years while with First Security Crews, a regional investment firm and prior to that served for eight years as executive vice president of a large, commercial bank. He earned his B.S.B.A. from Mississippi State University in 1977. Debtor, Dana M. Kellerman is 47

years old and is in good health. Mrs. Kellerman's current employment is in sales with Rausch Coleman.

The Debtors own and operate Panther Mountain Land Development, LLC, a real estate development in Western Pulaski County, Arkansas, and are developing real estate owned by Mr. Kellerman's IRA. Panther Mountain Land Development, LLC is a Chapter 11 debtor, Case No. 09-16836. Information concerning the company is available in court filings as to assets and liabilities.

The Debtors' current financial difficulties are a result of several factors including: (1) Mr. Kellerman lost his job in November 2008 and was unemployed until February 2009. His income dropped from $400,000 per year to $130,000 per year; (2) The Debtor's land development sales slowed as a result of the economic downturn and foreclosure on that property owned by Panther Mountain Land Development, LLC ensued; and (3) general economic conditions.

B. <u>Debtors' Financial Condition as of Petition</u>. The financial condition of the Debtors as of the filing is estimated in the Schedules and Statement of Affairs filed in this proceeding. The Debtors' Schedules and Statement of Affairs were based on the best information available to the Debtors at the time of filing and the Debtors are of the opinion that the estimate was reasonable given the circumstances under which it was made. Like any estimate, however, it is subject to being corrected by market reality, and all creditors and interested parties are cautioned to remember that market reality is traditionally harsh for those forced to restructure in the context of Chapter 11 bankruptcy proceedings. The Debtors' debt summary and Schedules A, B, C and D are attached to this disclosure statement.

III. **SUMMARY OF THE PLAN OF REORGANIZATION**

THE FOLLOWING IS A BRIEF SUMMARY OF THE PLAN OF REORGANIZATION AND SHOULD NOT BE RELIED UPON FOR VOTING PURPOSES. CREDITORS AND OTHER INTERESTED PARTIES ARE URGED TO READ THE PLAN IN FULL. THE PLAN REPRESENTS A PROPOSED LEGALLY BINDING AGREEMENT BETWEEN THE DEBTOR AND ITS CREDITORS AND

SHOULD BE READ TOGETHER WITH THE DISCLOSURE STATEMENT IN ORDER THAT AN INTELLIGENT AND INFORMED JUDGMENT CONCERNING THE ACCEPTANCE OR REJECTION OF THE PLAN CAN BE MADE. CREDITORS ARE URGED TO CONSULT WITH COUNSEL, OR WITH EACH OTHER, IN ORDER TO FULLY UNDERSTAND THE PLAN. THE PLAN IS COMPLEX IN THAT IT PRESENTS A PROPOSED LEGALLY BINDING AGREEMENT, AND AN INTELLIGENT JUDGMENT CONCERNING THE PLAN CANNOT BE MADE WITHOUT FIRST UNDERSTANDING IT. ANY INCONSISTENCY BETWEEN THE FOLLOWING SUMMARY AND THE PLAN SHALL BE RESOLVED IN FAVOR OF THE PROVISIONS OF THE PLAN.

A. Claims and interests are divided into the following classes under the Plan and treated as follows:

### CLASS 1. PRIORITY ADMINISTRATIVE CLAIMS

These are claims entitled to priority under §507(a) of the Code, which are: costs and expenses of administration, current tax liabilities incurred during the life of the plan, and certain fees of professionals.

Out of net business profits and earnings the Debtors will keep all current and on-going tax liabilities paid current and on time.

Fees for professionals shall be paid in the ordinary course of business as approved by the Court or within 30 days of the effective date of the plan or as otherwise agreed by the Debtors and their professionals. All fees owed the Debtors' current attorney and accountant if any shall be approved by order of the Bankruptcy Court after written application and notice thereof. Any approved fees in this regard will be treated as a priority and paid out of future income.

The Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. 1930(a)(b) during the term of the Plan.

### CLASS 2 PRIORITY TAX CLAIMS

This class will consists of holder of such claim as are defined in §507(a)(8) which generally includes any and all taxes which accrued pre-petition. Taxes shall be paid by

the Debtors in deferred cash payments over a period not exceeding 5 years after the filing of this Chapter 11 case. Claims will be paid in level installments of principal and interest over the 60 months less months from filing at confirmation. Such claims shall accrue interest as provided below or such rate as determined by the Bankruptcy Court at the confirmation hearing. Each tax claim is a separate class.

(A)     CLAIM OF THE INTERNAL REVENUE SERVICE.

The Internal Revenue Service priority claim for income taxes will be paid in monthly installments beginning on the effective date of the Plan. For unsecured treatment see Class 4. Until the final amount of this claim is determined, the Debtors will pay $198.17 monthly. Four percent (4%) simple interest will be paid or such other rate as the Court my order. The monthly amount will be adjusted when the claim amounts are fully determined but in no case later than one year following the effective date. The adjusted payment amount shall be sufficient to retire the taxes due in 60 months following filing of this Chapter 11 case. The Internal Revenue Service has the following claims:

|                | Amount     |
|----------------|------------|
| Priority Claim | $8,776.73  |

(B)     CLAIM OF THE STATE OF ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION.

The State of Arkansas Department of Finance and Administration priority claim for income taxes will be paid in equal monthly installments beginning on the effective date of the Plan. For unsecured treatment see Class 4. Until the final amount of this claim is determined, the Debtors will pay $119.17 monthly. Ten percent (10%) simple interest will be paid. The monthly amount will be adjusted when the claim amounts are fully determined but in no case later than one year following the effective date. The adjusted payment amount shall be sufficient to retire the taxes due in 60 months following the filing of this Chapter 11 case. The Department of Finance and Administration has the following claims:

7

|  | Amount |
|---|---|
| Priority Claim | $ 119.17 |

### (A) CLAIM OF PULASKI COUNTY TREASURER.

The Pulaski County Treasurer priority claim for property taxes will be paid in equal monthly installments beginning on the effective date of the Plan. For unsecured treatment see Class 4. Until the final amount of this claim is determined, the Debtors will pay $265.16 monthly. Four percent (4%) simple interest will be paid. The monthly amount will be adjusted when the claim amounts are fully determined but in no case later than one year following the effective date. The adjusted payment amount shall be sufficient to retire the taxes due in 60 months following the filing of this Chapter 11 case. The Pulaski County Treasurer has the following claims:

|  | Amount |
|---|---|
| Priority Claim | $11,743.71 |

### CLASS 3 SECURED CLAIMS

If a claim is secured by a valid lien then the lien shall be retained unaltered. If a property secured by a lien is sold the lien shall be paid from the proceeds of the sale to the extent funds are available. Each secured claim is a separate class.

### A. CLAIM OF GMAC.

The secured claim of GMAC is secured by a lien on a 2007 Chevrolet Suburban. This claim will be paid in the amount of $24,288.61 with interest at seven and a half percent (7.5%) per annum in monthly installments of $455.58. This claim is pursuant to Order providing adequate protection entered December 17, 2009.

The Debtors reserve the right to renegotiate the terms of this obligation or refinance with another lender at any time. This class is impaired.

B. **CLAIM OF BANK OF THE OZARKS**.

The secured claim of Bank of the Ozarks is secured by a lien on a 2007 Saturn Sky. This claim will be paid in the amount of $7,369.00 with interest at eight and a half percent (8.5%) per annum in monthly installments of $916.18. This claim is paid pursuant to Order providing adequate protection entered September 18, 2009.

The Debtors reserve the right to renegotiate the terms of this obligation or refinance with another lender at any time. This class is impaired.

C. **CLAIM OF BAC HOME LOAN SERVICING, L.P.**

The secured claim of BAC Home Loan Servicing, L.P. is secured by a first mortgage on a residence and property located at 24 Masters Place Cove, Maumelle, Arkansas. The Debtors are presently negotiating a modification of this claim. The claim will be paid as modified and if not modified, the Debtor will pay this claim in the approximate amount of $388,219.74 with interest at the rate of 4.88% over thirty (30) years. The claim amount to be paid shall be determined as of the Plan effective date by combining the claim at filing with any post-petition arrears. This class is impaired.

D. **CLAIM OF BANK OF AMERICA, N.A.**

The secured claim of Bank of America, N.A. is secured by a second mortgage on a residence and property located at 24 Masters Place Cove, Maumelle, Arkansas. The Debtors are presently negotiating a modification of this claim. The claim will be paid as modified and if not modified, the Debtor will pay this claim in the approximate amount of $142,935.76 with interest at the rate of 4.88% over thirty (30) years. The claim amount to be paid shall be determined as of the Plan effective date by combining the claim at filing with any post-petition arrears. This class is impaired.

E. **CLAIM OF BANK OF LITTLE ROCK**.

The secured claim of Bank of Little Rock is secured by two mortgages on a residence and property located at #1 Birdie Loop, Maumelle, Arkansas. The property has been surrendered for liquidation by the claim holder. Any balance remaining after

liquidation will be an unsecured claim. An Order has been entered by the Court to allow liquidation. This class is impaired.

### F. CLAIM OF INFINITY FINANCIAL SERVICES.

The secured claim of Infinity Financial Services is secured by a 2005 Infiniti G35. The property has been surrendered for liquidation by the claim holder. Any balance remaining after liquidation will be an unsecured claim. An Order has been entered by the Court to allow liquidation. This class is impaired.

### G. CLAIMS OF SABR MORTGAGE (FORMERLY HOME EQ SERVICING).

The secured claim of SABR Mortgage is secured by a first mortgage on 115 Ledgerwood, Hot Springs, Arkansas. The stay has been relaxed as to this claim and the foreclosure is complete. The Debtor has personal property located at this location which will be removed. The Debtors' remaining obligation has been forgiven. This class is not impaired.

### H. CLAIM OF AMERICAN HONDA FINANCE CORP.

The secured claim of American Honda Finance Corp. is secured by a 2007 Honda Accord. The property will be surrendered for liquidation by the claim holder. Any balance remaining after liquidation will be an unsecured claim. An Order has been entered by the Court to allow liquidation. This class is impaired.

### I. CLAIM OF SIMMONS FIRST NATIONAL BANK.

The secured claim of Simmons First National Bank is secured by a Moped Scooter. This claim has been paid.

### CLASS 4 UNSECURED CLAIMS

(A)  The Debtors' unsecured non-priority claims will share pro rata in a dividend of not less than $60,000.00 payable $12,000 each in five (5) annual installments beginning one year from the effective date of the Plan.

In addition, unsecured non-priority claims will share pro rata in any excess disposable income the Debtors received over the amount proposed above and the net proceeds of any of the Debtors' pre-petition claims that are successfully litigated and the net proceeds of the Debtors' land development Panther Mountain Land Development, LLC.

## CLASS 5 DOMESTIC SUPPORT OBLIGATIONS

The Debtors have no domestic support obligations.

## CLASS 6 CONTINGENT, DISPUTED AND UNCLASSIFIED CLAIMS

These claims shall receive no payment until such claims or parts thereof are allowed. At that time the claim will be paid as appropriate in accord with its classification. This class is impaired. This class includes the claim of BOSC, Inc. and the claim of National Bank of Arkansas.

## CLASS 7 DEBTORS' INTEREST

The Debtors propose to retain their interest in their property.

## IV. FINANCIAL INFORMATION REGARDING DEBTORS AND THE PLAN OF REORGANIZATION

A. <u>Debtors' Liquidation Analysis</u>. A "fire sale" of these assets would likely bring substantially less than the values listed in the Schedules. Most assets are fully encumbered and the remaining mostly exempt. For analysis purposes, the Debtors attaches their Schedules A, B, C and D. From these schedules it can be easily calculated that any distribution to unsecured non-priority creditors would be minimal. The scheduled amounts have not been discounted for "quick" sale on liquidation.

The Debtors are convinced that restructuring and reorganization is the best and only course of action to take in this proceeding and Debtors' Plan is in the best interest of all creditors.

B. <u>Financial Information Regarding Chapter 11 Plan and Its Feasibility</u>. The Debtors' Operating Reports detailing post petition income and expenses are on file

with the Bankruptcy Court for creditor review. The Debtors are confident they will be able to make all payments and otherwise discharge their obligations under their proposed Chapter 11 Plan. Projections of income and expense have not been made. However, since filing, Dana Kellerman has become employed. All her income is commissions from real estate sales and is expected to generate sufficient monies to fund the Plan when added to Mr. Kellerman's salary. If the Debtors' proposed Chapter 11 Plan is confirmed by the Bankruptcy Court, the Debtors will not need any further or additional reorganization or liquidation not otherwise proposed in the Plan. The operating report information has been compiled by the Debtors.

      C.      <u>No Opinion As To Tax Consequences</u>. The Debtors express no opinion as to the eventual tax consequences to the Debtors, any creditor, or any other party in interest in the event that Chapter 11 Plan proposed by the Debtors is confirmed and implemented. All parties and interest are encouraged by the Debtors to consult with their own tax attorney, accountant, or other financial advisor to determine the effect that the confirmation of the proposed Plan will have on that person or entity's tax situation.

      D.      <u>Legal and Accounting Fees and Expenses and Other Administrative Expenses</u>. As of filing of this Disclosure Statement, Debtors' counsel had yet to file an application for payment of fees and reimbursement of expenses. Debtors' counsel did not receive a pre-petition retainer. Legal expenses and fees will be incurred by the estate during the confirmation process. Debtors estimate that its unpaid accounting legal fees and expenses will total approximately $25,000.00.

Debtors are of the opinion that there will be no other accumulated administrative expense other than the legal fees of counsel for the Debtors, accounting fees and expenses and U.S. Trustee's fees as of the Effective Date.

      E.      <u>Avoidance Actions</u>. As set forth in the Plan, the Debtors intend to investigate and prosecute any and all statutory avoidance actions in the sole discretion of the Debtors.

      F.      <u>Miscellaneous</u>. The Debtors will object to all or part of claims of the following creditors:

BOSC, Inc.

National Bank of Arkansas

The Debtors may object to other claims but has not completed a claims analysis.

## V. CONCLUSION

It is important that you exercise the right to vote for acceptance or rejection of the Plan.

The Debtors consider the proposed Plan to be in the best interest of all creditors and of the bankruptcy estate and, therefore, recommends acceptance of the Plan.

Dated this 15th day of April, 2010.


/s/ Barry K. Kellerman
Barry K. Kellerman, Debtor


/s/ Dana M. Kellerman
Dana M. Kellerman, Debtor


/s/ Basil V. Hicks, Jr.
Basil V. Hicks, Jr.
*Attorney for the Debtors*
P.O. Box 5670
North Little Rock, AR 72119
(501) 301-7700